MAY, J.
Homeowners appeal an adverse summary judgment on an insurance coverage issue. They argue the trial court erred in finding that the insurer could refuse to pay General Contractor Overhead and Profit expenses (“GC Overhead”) as part of their claims for hurricane damage to their homes until the homeowners actually incurred the expenses.[1] We agree.
Three homeowners had insurance policies with the insurer. After they sus *977 tained hurricane damage to their homes in 2005, they filed claims for benefits. The insurer assigned adjusters to determine the scope of the covered damage.
The adjusters did not include in their estimates, and the insurer did not pay, GC Overhead in its upfront or pre-repair payments to the homeowners. The insurer wrote to the homeowners explaining that the estimates did not include GC Overhead, but that if a general contractor was hired and the expense incurred, then the homeowners could forward the final bill for review and reimbursement.
The homeowners filed a complaint for declaratory relief and breach of contract against the insurer. They also sought class certification, which is not at issue in this appeal.
The homeowners claimed that the “Loss Settlement” provisions in their policies were ambiguous because they were silent on the insurer’s obligation to include GC Overhead in the pre-repair payment when that cost was reasonably likely to be incurred. They argued that sections 627.7011(3) and 627.7011(6), Florida Statutes (2008), require those amounts to be included, and the insurer violated the statute by refusing to make such payments until the expense was actually incurred.
The insurer moved to dismiss the complaint or for final summary judgment. It argued that the homeowners failed to state a cause of action for declaratory relief because they did not allege a breach of a specific policy provision. The insurer further argued that the statutory authority supporting their claims applied only to policies issued or renewed on or after October 1, 2005, and the homeowners’ policies were issued before that date.
The insurer argued it was entitled to dismissal or summary judgment on the breach of contract claim because it was not required to pay GC Overhead until those costs were actually incurred. The insurer relied on Trinidad v. Florida Peninsula Insurance Co. (Trinidad I), 99 So.3d 502 (Fla. 3d DCA 2011), rev. granted, 88 So.3d 151 (Fla.2012).[2] Relying on Trinidad I, the trial court awarded summary judgment in favor of the insurer. Since that time, our supreme court has reversed Trinidad I. Trinidad v. Fla. Peninsula Ins. Co. (Trinidad II), 121 So.3d 433 (Fla.2013).
In Trinidad II, the supreme court held that an insurer’s required payment under a replacement cost policy includes overhead and profit, where the insured is reasonably likely to need a contractor for the repairs, because the insured would be required to pay costs for a general contractor’s overhead and profit for the completion of repairs in the same way the insured would have to pay other replacement costs he or she is reasonably likely to incur in repairing the property.
Id. at 436.
Yet, the insurer argues that Trinidad II does not apply because the supreme court interpreted the 2008 version of section 627.7011, and the 2005 version is at issue in this cáse. The insurer also argues that the homeowners failed to plead and prove a reasonable likelihood that GC Overhead would be incurred.
Although the 2008 version of section 627.7011 contains subsection (6), which the 2005 version did not, we find no meaningful distinction between the two versions that would dictate a different outcome. Further, in paragraph thirty-four of the *978 homeowners’ Third Amended Complaint, they alleged entitlement to GC Overhead that is “reasonably likely” to be incurred. For these reasons, we reverse and remand the case to the trial court for a determination of whether the homeowners were reasonably likely to incur GC Overhead as part of their damages.

Reversed and Remanded.

GROSS and FORST, JJ., concur.

. GC Overhead "are costs included in repair estimates and paid to contractors pursuant to contracts for repairs. Specifically, overhead includes fixed costs to run the contractor's business, such as salaries, rent, utilities, and licenses, and profit is the amount the contractor expects to earn for his services.” Trinidad v. Fla. Peninsula Ins. Co., 121 So.3d 433, 436 (Fla.2013) (internal quotation omitted).

. We understand that the trial court did not have the benefit of the supreme court’s opinion in Trinidad II at the time it ruled on the motion for summary judgment.